IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HENRY SONOWO,               )
                                )
         Petitioner,       )
                                )
v.                              )     Civ. A. No. 03-1122-GMS
                                )     Cr. A. No. 00-67-GMS
                                )
UNITED STATES OF AMERICA,    )
                                )
         Respondent.      )

**MEMORANDUM OPINION**

———— ——————— ———

Henry Sonowo. *Pro se* petitioner.

Beth Moskow-Schnoll, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

———————— ——————

Nov. 13    , 2006
Wilmington, Delaware

SLEET, District Judge

## I.   INTRODUCTION

Petitioner Henry Sonowo ("Sonowo") filed a *pro se* motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255.  (D.I. 112.)  The Government filed its answer in

opposition.  (D.I. 117.)  For the reasons discussed, the court will deny Sonowo's § 2255 motion

without holding an evidentiary hearing.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On September 26, 2000, a federal grand jury returned a thirteen count indictment

charging Sonowo and his co-defendant, James Hughes-Irabor, with one count of conspiracy to

commit wire fraud in violation of 18 U.S.C. § 371, three counts of inducing a person to travel in

interstate commerce in the execution of a fraud in violation of 18 U.S.C. § 2314, and nine counts

of wire fraud in violation of 18 U.S.C. § 1343.  On April 13, 2001, while represented by counsel,

Sonowo waived indictment and entered a guilty plea to a one count information charging him

with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1343.  The conspiracy

consisted of Sonowo's involvement in a "black money" scheme which began in1998 and resulted

in a loss of between $1,500,000 and $2,000,000.  The scheme victimized 14 individuals.  As part

of the plea agreement, the Government agreed to dismiss the thirteen count indictment.  The facts

of the conspiracy are described in greater detail in *United States v. Sonowo*, 2002 WL 1205057

(D. Del. June 4, 2002).

After pleading guilty, but prior to sentencing, Sonowo requested to proceed *pro se*.  The

court granted Sonowo's request after conducting a lengthy waiver colloquy, but appointed an

attorney from the Public Defender's Office as stand-by counsel.  On April 16, 2002, the court

1

sentenced Sonowo to 60 months of imprisonment, followed by 36 months of supervised release.

(D.I. 89)  The Court of Appeals for the Third Circuit affirmed the court's judgment. *See* D.I.

109.

Sonowo filed the instant § 2255 petition, and the Government filed an answer arguing

that the motion should be dismissed as meritless.  (D.I. 112; D.I. 117.)  Sonowo filed a response

and a document titled "Judicial Notice of *Blakely v. Washington*," asserting a new claim that his

sentence is excessive under *Blakely*.  (D.I. 117; D.I. 121.)   Sonowo's § 2255 motion is ready for

review.

III.    **DISCUSSION**

   A.  **Ineffective assistance of counsel claims**

Sonowo's § 2255 motion asserts the following four claims alleging ineffective assistance

of counsel:[1]  (1) counsel provided ineffective assistance by advising Sonowo to plead guilty

rather than go to trial "to face the possibility of 60 months maximum sentence;"  (2) counsel

failed to "object to the court's failure to advise of any imposition of supervised release terms and

condition ultimately imposed in excess of authorized maximum sentence;"  (3) counsel should

not have advised Sonowo to plead guilty because Sonowo could have asserted "an affirmative

defense that there is no victim within the meaning of the offense charged;"  and (4) counsel failed

to "object to the court's factual finding of honest-services fraud at the plea hearing."  (D.I. 112.)

Sonowo has properly raised his ineffective assistance of counsel claims in a § 2255

motion rather than on direct appeal. *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir.

1999);  *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996);  *see also United States v.*

---

[1]The court has re-numbered the claims.

2

*Swint,* Nos. CRIM. 94-276, CIV. 98-5788, 2000 WL 987861,  at *5 (E.D.Pa. July 17, 2000).  To

prevail on his ineffective assistance of counsel claims, Sonowo must satisfy the two-part test

articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-

88 (1984).  Under *Strickland's* first prong, Sonowo must demonstrate that counsel's performance

fell below an objective standard of reasonableness, with reasonableness being judged under

professional norms prevailing at the time counsel rendered assistance.  *Id.* at 688.  Under the

second prong of the *Strickland* test,  Sonowo must affirmatively show that counsel's deficient

performance prejudiced his case.  *Strickland,* 466 U.S. at 692-93.  Because Sonowo pled guilty,

he can only establish prejudice by showing that there is a reasonable probability that, but for

counsel's errors, he would have proceeded to trial instead of pleading guilty.  *United States v.*

*Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994); *United States v. Kauffman,* 109 F.3d 186, 191 (3d Cir.

1997).

### 1. Counsel's failure to advise Sonowo of the 3 year supervised release portion of his sentence and counsel's failure to argue that the court should have advised Sonowo about the supervised release portion of his sentence

Although not entirely clear, Sonowo's first claim appears to assert that counsel failed to

inform him that his sentence would include a term of supervised release in addition to the 60

month term of incarceration.  In his second claim, Sonowo contends that counsel provided

ineffective assistance because he did not object to the court's failure to advise Sonowo that his

sentence could include supervised release.

The record belies Sonowo's assertions.  Paragraph one of the plea agreement, which the

Government read aloud at Sonowo's plea colloquy,  specifically states that Sonowo "agrees to

waive indictment and plead guilty to an Information charging him with conspiracy in violation of Title 18, United States Code, Section 371, which carries a maximum penalty of imprisonment for not more than 5 years, a $250,000 fine, or both, 3 years of supervised release, and a $100.00 special assessment." (D.I. 30; D.I. 56, at 13.)   During the plea colloquy, the court asked Sonowo if he read the agreement and discussed it with his attorney, and Sonowo responded "yes." (D.I. 51, at 12.)   The court also asked Sonowo if he agreed with terms of the agreement and if he understood the meaning of the terms, and Sonowo responded "yes." *Id*. at 18.   The court specifically informed Sonowo that it could impose the maximum penalties, and  that "[t]he Court could follow any terms of imprisonment by any period of 3 years supervised release." Sonowo stated that he understood that fact. *Id*. at 19-20.   Finally, the court informed Sonowo that if he were to violate the conditions of any period of supervised release, he could be given additional time in prison. *Id*.   When asked if he understood, Sonoww again responded "yes." *Id.* at 20.

Sonowo's statements that he understood the terms of his plea agreement, and that he was satisfied with his counsel's representation, carry a strong presumption of verity, and his vague allegation regarding counsel's failure to inform him about the supervised release portion of his sentence does not overcome that presumption. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).   Moreover, the record explicitly demonstrates that the court advised Sonowo that the supervised release portion of his sentence would be in addition to any term of incarceration. Accordingly, the court will deny Sonowo's first and second ineffective assistance of counsel claims as meritless.

**2. Counsel prevented him from presenting the affirmative defense that there were  no victims to the crime because they had "unclean hands"**

In his next claim, Sonowo asserts that counsel should have permitted him to proceed to

trial because he could have argued under the "unclean hands" doctrine that there were no

"victims" within the meaning of the offense charged.  More specifically, Sonowo contends that

the alleged victims were not actual "victims" because their actions violated the Foreign Corrupt

Practices Act.  (D.I. 120.)

The affirmative defense of "unclean hands," if established, may preclude equitable relief

for litigants.  *See In re Valley Corp.*, 181 F.3d 517, 523, 527 (3d Cir. 1999).  To prevail on an

"unclean hands" defense, the defendant must show fraud, unconscionability, or bad faith on the

part of the plaintiff.  *See S&R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 377 n.7 (3d Cir.

1992); *In re Valley Corp.*, 181 F.3d 517, 523, 527 (3d Cir. 1999).  However, because the

doctrine of  "unclean hands" is equitable in nature, Sonowo would not have been able to assert an

"unclean hands" defense at his criminal trial.  Moreover, even if the defense was available, the

Government was the plaintiff and, as a matter of law, the unclean hands defense cannot be

asserted against the Government when it acts in the public interest.  *See United States v. Philip*

*Morris, Inc.*, 300 F. Supp. 2d 61, 75 (D.D.C. 2004)(collecting cases).  Accordingly, the court

concludes that the instant ineffective assistance of counsel claim is meritless.

**3. Counsel's failure to object to the court's factual finding of honest-services fraud at the plea hearing**

Sonowo was charged with one count of conspiracy to commit wire fraud.  However,

during the plea colloquy, the court asked Sonowo if there was an agreement between him and at

least one other person to "devise or plan a scheme to deprive someone of his right to honest

services." (D.I. 56, at 26.) Neither the Government nor defense counsel questioned the court's honest services fraud statement.

In his final claim, Sonowo contends that defense counsel's failure to object constituted ineffective assistance. This claim is unavailing because Sonowo has failed to demonstrate the requisite prejudice under *Strickland*. At least three times during the plea colloquy, either the court or the Government stated that Sonowo was pleading guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371, 1343, and Sonowo acknowledged that fact. *See generally* D.I. 56. Moreover, defense counsel's failure to object to the court's statement did not affect Sonowo's decision to plead guilty, and the court's statement regarding honest services fraud did not expose Sonowo to additional penalties. *See Sonowo*, 2002 WL 1205057. Therefore, the court will deny this claim as meritless.

### B. *Booker/Blakely* claim

Sonowo also filed a document titled "Judicial Notice of *Blakely v. Washington*, 542 U.S. 296 (2004) " in which he contends that his 60 month sentence is excessive because the maximum permissible sentence under *Blakely* was 30 months imprisonment. (D.I. 121.) Although Sonowo cites *Blakely* as the relevant authority, the issue he raises challenges the court's application of the federal sentencing guidelines and is more appropriately raised pursuant to *United States v. Booker,* 543 U.S. 220 (2005). *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005). Thus, the court will review the claim as asserted pursuant to *Booker*.

The Third Circuit Court of Appeals has held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *Lloyd*, 407 F.3d at 616. Sonowo's conviction became final in 2003, well

6

before *Booker* was decided in 2005.  Therefore, the court will deny Sonowo's *Booker* claim as

meritless.

## IV.  EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a § 2255 motion if the

"motion and the files and records of the case conclusively show that the petitioner is entitled to

no relief."  28 U.S.C. § 2255;  *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir.

2005);  *United States v. McCoy,* 410 F.3d 124, 131 (3d Cir. 2005);  Rule 8(a) of the Rules

Governing Section 2255 Proceedings*,* 28 U.S.C. foll. § 2255.  As previously explained, the

record conclusively demonstrates that Sonowo is not entitled to relief.  Thus, an evidentiary

hearing is not required.

## V.   CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue.  *See*

Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate only if the

petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  The petitioner must "demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529

U.S. 473, 484 (2000).

The court is dismissing Sonowo's § 2255 motion to vacate after determining that his

claims are meritless.  The court is persuaded that reasonable jurists would not find this

assessment debatable.  Therefore, Sonowo has failed to make a substantial showing of the denial

of a constitutional right, and the court  will not issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons stated, Sonowo's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is dismissed.  An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HENRY SONOWO,                           )
                                        )
              Petitioner,               )
                                        )
v.                                      )        Civ. A. No. 03-1122-GMS
                                        )        Cr. A. No. 00-67-GMS
                                        )
UNITED STATES OF AMERICA,               )
                                        )
              Respondent.               )

## ORDER

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS

HEREBY ORDERED that:

1.     Petitioner Henry Sonowo's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED.  (D.I.

112; D.I. 121.)

2.     A certificate of appealability will not issue for failure to satisfy the standard set

forth in 28 U.S.C. § 2253(c)(2).


Nov. 13    , 2006                              _____
Wilmington, Delaware                           UNITED STATES DISTRICT JUDGE



FILED

NOV 1 5 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE